**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DESIREE PEREZ,** | |
| Plaintiff, | Civ. No. 19-17490 (ES) (MAH) |
| v. | |
| **LUXURY RETREATS PROCESSING INC., et al.,** | **REPORT AND RECOMMENDATION** |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court by way of Plaintiff Desiree Perez's Motion to Remand pursuant to 28 U.S.C. § 1447(c). The Honorable Esther Salas, U.S.D.J., referred this motion to the Undersigned for a Report and Recommendation. *See* Local Civ. R. 72.1(a)(2). The Undersigned has considered the matter without oral argument. *See* Local Civ. R. 78.1(b). For the reasons set forth herein, the Undersigned respectfully recommends that the District Court deny Plaintiff's motion.

## II. BACKGROUND

Plaintiff visited Defendant Luxury Retreats International Inc.'s ("LRI") website to identify a potential vacation rental in the Dominican Republic.[1] Compl. ¶ 5, July 31, 2019, D.E. 1-1. Based on pictures and other representations found on LRI's website, Plaintiff selected a property known as the Las Hamacas Beachfront at Cap Cana. *Id.* ¶¶ 6-7. Plaintiff thereafter executed a "Booking

---

[1] The Court assumes as true the factual allegations in the complaint. *See Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851-52 (3d Cir. 1992).

1

Agreement" and prepaid the $28,676.12 booking fee in full. *Id.* ¶ 8. In advance of her stay, Plaintiff visited the property during an unrelated business trip and discovered that the property was in disarray. *Id.* ¶¶ 9-10. Plaintiff informed LRI of the property's dilapidated condition and booked a new villa through the company. *Id.* ¶ 11. At that time, Plaintiff requested a refund of the $28,676.12 booking fee or that LRI alternatively credit that sum towards the new rental. *Id.* To date, Plaintiff has received neither a refund nor a transfer credit. *Id.* ¶ 12.

Plaintiff subsequently filed this action in the Superior Court of New Jersey, Law Division, Bergen County against LRI and Defendant Luxury Retreats Processing Inc. ("LRP").[2] *See* Notice of Removal, ¶ 1, D.E. 1. The seven-count complaint asserts various common law claims as well as violations of the New Jersey Consumer Fraud Act ("CFA"), N.J. Stat. Ann. §§ 56:8-1 to -211, in connection with the advertisement and rental of the property. *See id.* ¶ 2. Plaintiff specifically alleges that she suffered an ascertainable loss within the meaning of the CFA of $28,676.12. Compl. ¶ 16. Plaintiff seeks treble damages and attorneys' fees in connection with her CFA claim. *See* Compl., Count One Wherefore Clause. Plaintiff further alleges that Defendants' "failure to exercise prudent judgment pertaining to its requirements of the owner of the villa and its failure to supervise and inspect the villa" constitute gross negligence and warrant an award of punitive damages. *Id.* ¶¶ 33-36.

Defendants timely removed this action on the basis of jurisdiction conferred by 28 U.S.C. § 1332(a). Notice of Removal, ¶¶ 4-10. As proof that the amount in controversy exceeds $75,000, Defendants point to the $28,676.12 sum along with Plaintiff's demand for treble damages and attorneys' fees. *Id.* ¶¶ 7-8. Plaintiff has now moved to remand this action to state court for lack of subject matter jurisdiction. Mot. to Remand, Sept. 26, 2019, D.E. 11. Specifically, Plaintiff

---

[2] Plaintiff alleges that LRP was "the receiver of her funds." Compl. ¶ 39.

argues that the amount in controversy does not satisfy the $75,000 threshold under 28 U.S.C. § 1332(a).

### III.   ANALYSIS[3]

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Where a complaint does not raise a question of federal law, a district court may properly exercise subject matter jurisdiction only if the amount in controversy exceeds the value of $75,000 and diversity exists among the adverse parties." *In re Benicar (Olmesartan) Prod. Liab. Litig.*, 198 F. Supp. 3d 385, 386–87 (D.N.J. 2016) (citing 28 U.S.C. § 1332(a)). As a general rule, federal courts strictly construe removal statutes to avoid an unintended enlargement of their jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction between citizens of different states has always been rigorously enforced by the courts."); *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) ("The federal removal statute, 28 U.S.C. § 1441, is strictly construed, requiring remand if any doubt exists over whether removal was proper."). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

28 U.S.C. § 1446, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), Pub. L. No. 112-63, 125 Stat. 758-65 (2011), clarifies the procedure to resolve challenges to the amount-in-controversy requirement. "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is

---

[3] A motion to remand is dispositive. *See In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998). Accordingly, the Court addresses Plaintiff's motion via Report and Recommendation.

3

'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. § 1446(c)(2)).  "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.* (citing 28 U.S.C. § 1446(c)(2)(A)).  Specifically, the notice of removal may state the amount in controversy if the plaintiff seeks "nonmonetary relief; or . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded[.]"  28 U.S.C. § 1446(c)(2)(A)(i)-(ii).

Where, as here, the complaint does not demand a specific total sum, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee Basin Operating Co.*, 574 U.S. at 87.  If challenged, the amount in controversy set forth in the notice of removal shall control only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."  28 U.S.C. § 1446(c)(2)(B).  In that circumstance, "both sides submit proof and the court decides . . . whether the amount-in-controversy requirement has been satisfied."  *Dart Cherokee Basin Operating Co.*, 574 U.S. at 88.  To convince the Court to retain jurisdiction, "a defendant must justify its jurisdictional assertions with some objective factual basis."  *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 597 (D.N.J. 2016).

The Undersigned finds that Defendants have adequately alleged in the Notice of Removal that the amount in controversy exceeds the statutory threshold.  *See* Notice of Removal, ¶¶ 7-8.  Plaintiff avers in the Complaint that she suffered an ascertainable loss of $28,676.12, which may be trebled under the CFA to $86,028.36.  *Id.*; *see also Prof'l Cleaning & Innovative Bldg. Servs., Inc. v. Kennedy Funding Inc.*, 408 F. App'x 566, 572 (3d Cir. 2010) ("The CFA entitles private plaintiffs to awards of treble damages and attorney's fees. Under New Jersey law, a court must

4

include these amounts when determining whether it has subject matter jurisdiction in a diversity matter." (internal citation omitted)); *Suber v. Chrysler Corp.*, 104 F.3d 578, 587-88 (3d Cir. 1997) (holding that district courts may consider the award of treble damages under the CFA when calculating the amount in controversy so long as the plaintiff is not "precluded to a legal certainty from recovering under the [CFA]"). The Undersigned is thus satisfied that diversity jurisdiction existed at the time of removal.[4]

Plaintiff nonetheless advances two arguments in support of her contention that remand is proper. Pl.'s Br. at 5, D.E. 11-1. Plaintiff first argues that because Defendants removed this action based on the availability of treble damages under the CFA, Defendants "must concede that Perez has stated a claim under the [CFA]." *Id.* at 8. It follows, according to Plaintiff, that if Defendants subsequently move to dismiss the CFA claim for failure to state a claim upon which relief may be granted, "then they necessarily are asserting that the amount in controversy cannot meet the $75,000 threshold for diversity jurisdiction." *Id.* Second, Plaintiff relies on a declaration that she filed in support of her motion to remand wherein she "renounce[s] any right to recover in excess of $74,500.00 . . . from the Defendants" and declares that "the Complaint in this action shall be deemed hereby to be irrevocably amended accordingly." Plaintiff's Decl. in Support of Mot. to Remand, ¶ 3, D.E. 11-2. Based on the 1988 amendment to 28 U.S.C. § 1447(c), Plaintiff submits that this Court must give effect to her post-removal stipulation. *See* Pl.'s Br. at 9-18.

The Undersigned finds neither argument to be persuasive. Defendants' removal of this action based on the putative value of the CFA claim is not a concession that Plaintiff has in fact stated a claim under that statute. One of the primary purposes of diversity jurisdiction is to provide out-of-state defendants access to a neutral forum for the fair adjudication of their claims. *See*

---

[4] The parties do not dispute that complete diversity exists among the parties.

*Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019); *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997). Accordingly, it would contravene the very purpose of the removal statute to require a party to effectively stipulate to the validity of the claim that he or she seeks the federal court to adjudicate.

Nor would the potential dismissal of the claim divest this Court of subject matter jurisdiction. *See Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 395-96 (3d Cir. 2016); *Huber v. Taylor*, 532 F.3d 237, 243-47 (3d Cir. 2008); *Lindsey v. M.A. Zeccola & Sons, Inc.*, 26 F.3d 1236, 1244 n.10 (3d Cir. 1994) ("When diversity exists at the time the case is filed, it is not affected by the dismissal of one of the claims even though the amount recoverable on the remaining claim is less than the required [$75,000]."); *cf. Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-41 (2007) (noting the general rule that a federal court may not reach the merits of the claims without first determining whether subject matter jurisdiction exists). "It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824)).

With respect to Plaintiff's declaration that she has renounced any damages in excess of $74,500.00, it is well-recognized that a post-removal stipulation reducing the amount in controversy below the statutory threshold "does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co.*, 303 U.S. at 292; *see also Hunt v. DaVita, Inc.*, 680 F.3d 775, 777-78 (7th Cir. 2012) ("[Plaintiff's] post-removal disclaimer of damages exceeding $75,000 could not defeat federal jurisdiction after a proper removal based on the complaint."); *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012) ("A plaintiff may . . . avoid removal by including a binding stipulation with his petition stating that he would not seek damages greater

6

than the jurisdictional minimum. Such a filing must be made prior to the defendant's removal of the case." (internal quotation marks and citation omitted)); *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 667 (3d Cir. 2002) ("[A] plaintiff's stipulation subsequent to removal as to the amount in controversy or the types of relief sought is of 'no legal significance' to the court's determination." (quoting *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993)).

Notwithstanding that general consensus, Plaintiff argues that the United States Supreme Court's seminal decision in *St. Paul Mercury Indemnity Co.* and the subsequent cases relying on the principles set forth therein are inapposite because "*St. Paul* was overruled by the 1988 amendment of 28 U.S.C. § 1447(c)." Pl.'s Reply Br. at 2, D.E. 16. Prior to 1988, § 1447(c) stated in relevant part: "If at any time before final judgment that the case was removed improvidently and without jurisdiction, the district courts shall remand the case." 28 U.S.C. § 1447(c) (1987). Congress thereafter amended the subsection to read: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1016(c), PL 100-702, 102 Stat. 4642, 4670 (1988). According to Plaintiff, "the standard for remand was changed from requiring that removal have been *improvidently granted* . . . to remand at *any time if it appears the district court lacks jurisdiction*," and thus, post-removal stipulations must be given effect. Pl.'s Br. at 17 (emphasis in original).

The Court is unconvinced. The strong weight of authority is against Plaintiff's position. *See, e.g.*, *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232, n.1 (2007) (reiterating "the general rule that postremoval events do not deprive federal courts of subject-matter jurisdiction"); *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (stating that "a federal court will *keep* a removed case" notwithstanding a "change in the citizenship of a party or a subsequent reduction of the amount at issue below jurisdictional levels" (emphasis in original));

7

*Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 n.4 (5th Cir. 1996) ("§1447(c) cannot be read to overrule the repeatedly expressed view that changes after removal cannot eliminate jurisdiction and require remand."); *Baldridge v. Kentucky-Ohio Transp., Inc.*, 983 F.2d 1341, 1348 n.11 (6th Cir. 1993) ("[C]ourts have not construed [the amendment] in this revolutionary way."); *In re Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir. 1992) ("Neither the text of the revised § 1447(c) nor its legislative history implies that Congress altered the traditional view . . . that jurisdiction present at the time a suit is filed or removed is unaffected by subsequent acts.").

In *Wisconsin Department of Corrections*, the United States Supreme Court addressed the meaning of 28 U.S.C. § 1447(c) in the course of resolving whether defendants can remove an action to federal court where certain claims may be subject to Eleventh Amendment immunity:

> The statutory section that contains the provision deals, not with the question of what is removable, but with the procedures that a federal court is to follow after removal occurs. It is entitled: "Procedure after removal generally." § 1447. In substance, the section differentiates between removals that are defective because of lack of subject-matter jurisdiction and removals that are defective for some other reason, *e.g.*, because the removal took place after relevant time limits had expired. For the latter kind of case, there must be a motion to remand filed no later than 30 days after the filing of the removal notice. § 1447(c). For the former kind of case, remand may take place without such a motion and at any time. *Ibid.* The provision, then, helps to specify a procedural difference that flows from a difference in the kinds of reasons that could lead to a remand. That objective is irrelevant to the kind of problem presented in this case.

*Wisconsin Dep't of Corr.*, 524 U.S. at 392–93. Accordingly, the 1988 amendment to 28 U.S.C. § 1447(c) did not implicitly overrule the general proposition that, "for purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court." *Id.* at 390.

## IV. CONCLUSION

For the reasons set forth above, the Undersigned respectfully recommends the District Court deny Plaintiff's Motion to Remand. The parties have fourteen days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

**Dated: December 3, 2019**

*s/ Michael A. Hammer*
**United States Magistrate Judge**
