UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DESIREE PEREZ,**<br><br>  Plaintiff,<br><br>v.<br><br>**LUXURY RETREATS PROCESSING INC.,** *et al.,*<br><br>  Defendants. | Civil Action No. 19-17490-ES-ESK<br><br><br>**OPINION AND ORDER** |

**KIEL, United States Magistrate Judge**

This matter comes before the Court on defendants' Motion to Dismiss (the "Motion"). (ECF Nos. 13 and 18.) Plaintiff opposes the Motion. (ECF No. 17.) On March 4, 2020, the parties filed a Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge. (ECF No. 26.) I have considered the parties' submissions and decide the Motion on the papers pursuant to Rule 78. For the following reasons, the Motion is **GRANTED,** and this matter is dismissed with leave to plaintiff to file the complaint in an appropriate jurisdiction.

## BACKGROUND

### I. THE PARTIES

Plaintiff is a New Jersey resident. (ECF No. 1-2 (the "Compl.") ¶ 2.) Defendant Luxury Retreats Processing Inc. ("Processing") is a Delaware corporation with an address of 5530 St. Patrick, Suite 2210, Montreal, Quebec, Canada. (*Id.* ¶ 3.) Defendant Luxury

Retreats International, Inc. ("International") is a Canadian corporation with the same address as Processing. (*Id.* ¶ 4.)

## II. BACKGROUND FACTS

Plaintiff alleges she visited the website www.luxuryretreats.com (the "Website") while at her New York office in April 2018 when she was looking "for a villa to rent for an upcoming vacation." (ECF No. 13-4, Exhibit B ("Perez Aff'd") ¶ 3.) She heard about Luxury Retreats through online advertising. (*Id.* ¶ 4.) On the Website, plaintiff found a villa for rent in the Dominican Republic called "Las Hamacas Beachfront at Capa Cana" (the "Rental House"). (*Id.* ¶ 5–6.) The Website describes the Rental House as being "pristine" and a "paradise like no other." (*Id.* ¶ 7.)

Plaintiff claims she contacted International through the Website. (*Id.* ¶ 8.) On April 9, 2018, plaintiff, from her New York office, "sent directions to American Express to make the $28,676.12 payment to [Processing]" for the rental fee. (*Id.* ¶ 12.) All of plaintiff's "dealings leading up to the payment for the rental were with International, except for the payment being made to [Processing] as directed." (*Id.* ¶ 13.)

### A. The Booking Agreement

On April 20, 2018, purportedly 11 days after plaintiff made full payment of the rental fee, International forwarded[1] a Booking Agreement to plaintiff. (*Id.* ¶ 8; ECF No. 13-1 ("Pl. Br"), p. 5.) The Booking Agreement requested plaintiff to return a signed copy

---

[1] Plaintiff does not state what delivery method defendants used to "forward" the Booking Agreement to her. However, it would appear the Booking Agreement was not a document generated by the Website.

to a fax number "with a 514 area code, which is the area code for Montreal where [International] is located." (Pl. Br., p. 5; ECF No. 13-2 ("Goldberger Decl."), Exhibit C, p. 1.) Plaintiff claims she "never signed the Booking Agreement" and did not "see the forum selection cause." (Perez Aff'd ¶¶ 10–11.)

The "Cancellation Policy" section of the Terms and Conditions in the Booking Agreement provides that the rental fee is nonrefundable if the renter does not provide notice of cancellation within 75 days before the renter's scheduled arrival. (Goldberger Decl., Exhibit C, p. 4.) Additionally, the "General Terms" section provides that "[t]his agreement will be governed under the laws of Barbados and any disputes must be referred to a Barbados court." (*Id.,* p. 5.)

### B. Plaintiff Attempt to Cancel the Booking

Plaintiff visited the Rental House while she was on business in the Dominican Republic. (Compl. ¶ 9.) She allegedly found the Rental House to be "dirty, with ongoing construction." (*Id.*) She found the pool to be "filthy with no water and missing tiles everywhere, and there was the smell of mold." (*Id.*) The air conditioner was broken and the housekeeper told her it had been broken for "quite some time." (*Id.*) Plaintiff was most concerned about the lack of security at the Rental House. (*Id.*) A security guard at the Rental House allegedly asked plaintiff for "money to buy him food." (*Id.*)

Plaintiff immediately informed International and decided to stay at another property that she also booked through International. (*Id.* ¶ 11.) Despite her demand, defendants have not issued a refund or transfer of credit to plaintiff for the cancelled booking for the Rental House. (*Id.* ¶ 12.)

### C. The Complaint

Plaintiff asserts: (1) a violation of the New Jersey Consumer Fraud Act; (2) breach of contract; (3) unjust enrichment; (4) misrepresentation; (5) gross negligence; (6) negligence; and (7) breach of implied covenant of good faith and fair dealing.

### D. The New York Action

Plaintiff first filed a lawsuit against defendants in the Supreme Court of New York, New York County (the "New York Court"). (Pl. Br., p. 1.) On March 29, 2019, the New York Court granted defendants' motion to dismiss plaintiff's complaint because the New York Court lacked personal jurisdiction over defendants. (ECF No. 17-1, Exhibit B, pp. 8–9; Pl. Br., p. 2.) The New York Court determined there were insufficient contacts with New York to establish personal jurisdiction over defendants. (*Id.*) Plaintiff appealed the decision to the New York Appellate Division, First Department. (Pl. Br., p. 2.)

The present-complaint was filed with the Superior Court of New Jersey, Bergen County, Law Division on July 31, 2019. (Compl. p. 1.) Defendants removed this case on August 30, 2019 pursuant to 28 U.S.C. § 1441. (ECF No. 1.) Plaintiff withdrew her appeal before the New York Appellate Division after she filed this lawsuit in New Jersey. (Pl. Br., p. 2.)

## III. MOTION TO DISMISS

Defendants filed the Motion on October 7, 2019. (ECF No. 13.) They argue the complaint should be dismissed under Rules 12(b)(2) and 12(b)(6) because: (1) this Court lacks personal jurisdiction over the defendants; (2) of a mandatory forum selection provision in the agreements between the parties requiring all disputes to be resolved in

4

Barbados; (3) defendants were not parties to the agreement that is the basis of plaintiff's claims; and (4) the complaint is inadequately pleaded as to the tort and quasi-contract claims. (Pl. Br.).

## LEGAL ANALYSIS AND DISCUSSION

### I. THIS COURT DOES NOT POSSESS PERSONAL JURISDICTION OVER DEFENDANTS.

Plaintiff has the burden to establish personal jurisdiction over defendants. *See Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). Once a defendant raises a jurisdictional objection, plaintiff must come forward with enough facts to establish that personal jurisdiction is proper. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992).

"[T]o exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258–59 (3d Cir. 1998). First, the court applies the forum state's long-arm statute to determine whether it permits the exercise of personal jurisdiction. *Id.* at 259. Second, the court applies the principles of the Due Process Clause of the United States Constitution. *Id.* In New Jersey, this inquiry is collapsed into a single step, because New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the Constitution, i.e., does not offend traditional notions of fair play and substantial justice. *See Wurth Adams Nut & Bolt Co. v. Seastrom Mfg. Co., Inc.*, No. 14-03804, 2015 WL 1530969, at *1 (D.N.J. Apr. 6, 2015). Personal jurisdiction can be established by way of

5

general or specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15, nn. 8 and 9 (1984).

### A. General Jurisdiction

The paradigm forums for exercising general jurisdiction over a corporation are its place of incorporation and its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). When a corporation neither is incorporated nor has its principal place of business in New Jersey, general jurisdiction attaches only when a defendant's affiliations with New Jersey "are so constant and pervasive as to render [it] essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. at 122 (internal quotes omitted). General jurisdiction requires "a very high threshold of business activity." *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 891 n. 2 (3d Cir. 1981) (finding that a "daily presence" in the forum and activities such as weekly advertising, regular solicitation of business, substantial product sales, and the maintenance of a telephone number in the forum meet the threshold).

Here, there is no basis for general jurisdiction over defendants in New Jersey. Neither defendant is incorporated in New Jersey or has its principal place of business in New Jersey. (Pl. Br. at 10.) Plaintiff's basis for claiming this Court has general jurisdiction is based "upon information and belief" that defendants "transact[] business in the State of New Jersey and with New Jersey residents." (Compl. ¶¶ 3–4.) However, that an entity transacts business in New Jersey without a showing the entity is "essentially at home in the forum state," is insufficient to support general jurisdiction. *Daimler*, 571 U.S. at 122.

The complaint fails to allege that the Website was targeted to residents in New Jersey. Nor is there any allegation that defendants sell any products or services in, make business trips into, have a license to do business in, or maintain any physical presence in New Jersey. Rather, the sole basis for general jurisdiction is the existence of the Website through which plaintiff was able to view the Rental House and contact defendants.

Plaintiff has not carried her burden to establish defendants' "continuous and systematic" contacts with New Jersey.[2] Thus, this Court cannot exercise general jurisdiction over defendants.

### B. Specific Jurisdiction

In the absence of general jurisdiction, specific jurisdiction permits a court to exercise personal jurisdiction over a non-resident defendant for forum-related activities where the relationship between the defendant and the forum falls within the minimum contacts framework of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1122 (W.D. Pa. 1997) (internal quotations omitted). Specifically, "the suit must arise out of or relat[e] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1780 (2017) (internal quotes omitted).

For exercise specific jurisdiction, a district court must find that (i) the defendant "purposefully directed its activities at the forum," (ii) the litigation "arises out of or relates

---

[2] The New York Court also held that the mere existence of the Website was not enough to exercise general jurisdiction and dismissed the complaint. (ECF No. 17-3, pp. 7–8.)

7

to at least one of those activities," and (iii) the exercise of jurisdiction would "otherwise comport with fair play and substantial justice." *Gorbaty v. Mitchell Hamline Sch. of Law*, No. 18-16691, 2019 WL 3297211, at *2 (D.N.J. July 23, 2019) (quoting *O'Connor v. Sandy Lane Hotel*, 496 F.3d 312, 317 (3d Cir. 2007)). Where a website is neither "passive" (i.e., solely informational) nor "commercially interactive" (i.e., capable of executing contracts over the Internet), whether to exercise jurisdiction depends on: (1) the level of interactivity; and (2) the commercial nature of the exchange that occurs on the site. *See Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 452 (3d Cir. 2003).

Plaintiff relies on the "seminal" case of *Zippo Mfg. Co.*[3] for the proposition that the exercise of personal jurisdiction over a defendant is proper where the defendant "enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the internet." (Pl. Br., p. 14.) The ruling in *Zippo*, however, is not that expansive.

The Court in *Zippo* held a defendant's posting of information on a website that is accessible to users in foreign jurisdictions is insufficient to invoke specific jurisdiction. *Zippo Mfg. Co*, 952 F. Supp. at 1124. "Courts have repeatedly recognized that there must be 'something more' . . . to demonstrate that the defendant *directed its activity towards the forum state*." *Toys "R" Us, Inc.*, 318 F.3d at 452. Since *Zippo*, several district courts in the Third Circuit have made explicit the requirement that the defendant intentionally

---

[3] The Third Circuit has referred to the *Zippo* decision as "a seminal authority regarding personal jurisdiction based upon the operation of an Internet web site." *Toys "R" Us, Inc.,* 318 F.3d. at 452.

interacts with the forum state through the website in order to show purposeful availment and, in turn, justify the exercise of specific personal jurisdiction. *Id.* (citing *S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc.,* 79 F.Supp.2d 537, 540 (E.D. Pa.1999) (observing that "a web site targeted at a particular jurisdiction is likely to give rise to personal jurisdiction").

The Third Circuit has held that "telephone communications or mail sent by a defendant [do] not trigger personal jurisdiction if they do not show purposeful availment." *Barrett v. Catacombs Press*, 44 F.Supp.2d 717, 729 (E.D. Pa. 1999) (internal quotations omitted). The court in *Barrett* found the exchange of three emails between the plaintiff and defendant regarding the contents of the defendant's website, without more, did not "amount to the level of purposeful targeting required under the minimum contacts analysis." *Id.* Instead, a "defendant must have intentionally interacted with the forum state to satisfy the purposeful availment requirement of specific jurisdiction. *CoachSource, LLC v. Coachforce*, No. 17- 05126, 2019 WL 1385200, at *4 (D.N.J. Mar. 27, 2019).

According to plaintiff, defendants availed themselves to New Jersey through the Website because it is "accessible in New Jersey by [a] New Jersey residents." (Pl. Br., p. 13.) This alone does not amount to purposeful availment. The Website is more akin to a "passive" website. Plaintiff may have contacted International through the Website (Perez Aff'd ¶ 3), but it does not appear the Rental House was booked on the Website. Instead, the signed Booking Agreement was to be sent to a Canadian fax number with payment to be processed in Canada. (Goldberger Decl., Exhibit C.) And all of plaintiff's interactions with defendants were while she was in New York—not New Jersey.

9

In the New York case, moreover, plaintiff tried to convince the New York Court to exercise jurisdiction over defendants because her contacts with defendants took place when she was in her New York office. In the New York Action, plaintiff confirmed:

> 1. She visited defendants' website while she was in her office in New York.
>
> 2. She heard about Luxury Retreats through online advertising that she viewed from her office in New York.
>
> 3. From her office in New York, she sent directions to American Express to make the $28,676.12 payment to [Retreats Processing] on her behalf.
>
> 4. All of plaintiff's interactions with defendants took place while she was in her New York office.

(Perez Aff'd ¶¶ 2–4, 12–13.)

Plaintiff cannot establish specific jurisdiction in New Jersey after conceding that all of her interactions with defendants, through the Website and otherwise, occurred while she was in her office in New York. Her status as a New Jersey resident and the fact that the Website can be accessed in New Jersey, by themselves, do not establish specific jurisdiction over defendants.[4]

## II.     REQUEST FOR JURISDICTIONAL DISCOVERY

Plaintiff requests an opportunity to engage in jurisdictional discovery to find out the "full extent of [defendants'] contacts" to New Jersey in the event this Court is inclined to

---

[4] Plaintiff cites to two United States Supreme Court decisions from 1984 and 1857, and one New Jersey Supreme Court decision from 1971. (Pl. Br., p 10–13.) Obviously, there have been substantial development and refinement of jurisdictional jurisprudence since those cases were decided—particularly, concerning the assertion of jurisdiction based on the existence of a website.

dismiss this case for lack of jurisdiction, (Pl. Br., p. 10). Plaintiff has already propounded "jurisdictional discovery." (*Id.*)

Generally, if the plaintiff can allege with "reasonable particularity" the possible existence of the requisite jurisdictional contacts, then jurisdictional discovery should be granted. *See, e.g., Toys "R" Us,* 318 F.3d at 456–57 (granting discovery because the request was not "frivolous," since the district court had improperly denied discovery of non-internet contacts).

Plaintiff's allegations relating to defendants' contacts with New Jersey are based upon "information and belief." And the only bare allegation asserted is that defendants "transact business in the State of New Jersey and with New Jersey residents" through the Website. (Compl. ¶¶ 3–4.) With nothing more, this Court cannot conclude plaintiff has set forth, with "reasonable particularity," even the possible existence of the requisite jurisdictional contacts by defendants. *See Huzinec v. Six Flags Great Adventure, LLC*, No. 16-02754, 2018 U.S. Dist. LEXIS 68295, at *19–*20 (D.N.J. Apr. 24, 2018) ("Jurisdictional discovery is not warranted unless the plaintiff 'presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state' . . .Thus, a plaintiff may not undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery.") (quoting *Toys R. Us, Inc.*, 318 F.3d at 456).[5] "[J]urisdictional discovery is not available

---

[5] Because this Court concludes that it lacks personal jurisdiction over defendants, it does not address the remainder of defendants' arguments in support of their motion to dismiss.

merely because the plaintiff requests it." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n. 38 (3d Cir. 2015).

## CONCLUSION AND ORDER

For the foregoing reasons:

**IT IS** on this **1st** day of **May 2020 ORDERED** that:

1. The Motion insofar as it seeks dismissal of the complaint based on the lack of personal jurisdiction over defendants is **GRANTED** and denied without prejudice insofar as it seeks dismissal on other grounds. This matter is dismissed, with leave to plaintiff to file the complaint in an appropriate jurisdiction.

2. The Clerk of the Court is directed to terminate the Motion at **ECF No. 13** and close this case.

      */s/ Edward S. Kiel*
      **Edward S. Kiel**
      **United States Magistrate Judge**